UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT G.,[1]

                                           Plaintiff,             Case # 20-cv-06698-FPG

v.                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                           Defendant.
_____

## INTRODUCTION

On February 8, 2017, Robert G. ("Plaintiff") protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 19. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Addison C.S. Masengill (the "ALJ") on August 20, 2019. Tr. 19. At the hearing, Plaintiff and a vocational expert appeared and testified. On September 23, 2019, the ALJ issued an unfavorable decision. Tr. 16. On July 21, 2020, the Appeals Council denied review, making the ALJ's decision the final decision of the SSA. ECF No. 1-2 at 2. On September 12, 2020, Plaintiff appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

## I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 14, 2016, the alleged onset date. Tr. 21. At step two, the ALJ found that Plaintiff has the following severe impairments: vertigo, diabetes mellitus, vestibular migraine headaches, spondylosis, oropharyngeal dysphagia, right ulnar neuropathy, bilateral carpal tunnel syndrome, tremor in bilateral arms, right knee osteoarthritis, right elbow epicondylitis, obesity, and mild obstructive sleep apnea. Tr. 21. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 21. Next, the ALJ determined that Plaintiff maintained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with specific limitations. However, the ALJ found that Plaintiff had certain exertional limitations including that Plaintiff must avoid dangerous moving machinery, heights, ladders, ropes, or scaffolds. Tr. 23. Plaintiff also could not drive because he could not operate his right foot or have leg control. *Id*. In addition, the ALJ found Plaintiff could frequently grasp, pinch, and twist with his hands and arms. *Id*.

At steps four and five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform including, for example, his past relevant work as a customer service clerk. Tr. 31-32. As such, the ALJ found that Plaintiff was not disabled from his alleged onset date, January 14, 2016, through the date of the ALJ's decision, September 23, 2019.

**II.    Analysis**

Plaintiff argues that the ALJ failed to properly weigh the opinion of Plaintiff's treating physician, Dr. Soumya Bindiganavile Sridhar, and improperly relied upon the medical opinion of

a consultative examiner. ECF No. 11-1 at 1. Plaintiff asserts that the ALJ did not provide "good reasons" for assigning little weight to Dr. Bindiganavile's opinion. *Id.* The Court addresses Plaintiff's arguments below.

An ALJ must give a treating physician's opinion regarding the nature and severity of a claimant's impairments controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant."). An ALJ may discount a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [her] reasons" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 416.927(c)(2) (noting the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)–(6). If the ALJ fails to explicitly consider "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist," she commits "procedural error warranting remand unless a searching review of the record assures

4

the reviewing court that the substance of the treating physician rule is not traversed." *Guerra v. Saul*, 778 F. App'x 75, 76–77, n.2 (2d Cir. 2019) (alteration in original). In other words, a searching review of the record must show that "the ALJ has provided 'good reasons' for [her] weight assessment." *Id.* at 77.

While the ALJ did not explicitly consider all of the above factors before assigning "little weight" to the opinion of Plaintiff's treating physician, a "searching review" of the record shows the ALJ provided "good reasons" for the weight she assigned to the opinion of Plaintiff's treating physician. Here, the ALJ discounted Dr. Bindiganavile's opinion because it was "not consistent with the record as a whole." Tr. 30; *see, e.g.*, *Freeman v. Comm'r of Soc. Sec.*, No. 17-CV-6862, 2018 WL 6605666, at *6 (W.D.N.Y. Dec. 17, 2018) ("[T]he ALJ did not err when she discounted [the treating physician]'s opinion based on its inconsistency with other record evidence."); 20 C.F.R. § 416.927(c)(4) (noting that an ALJ will give more weight to an opinion that is consistent with the record as a whole). An ALJ need not give controlling weight to the opinion of a treating physician where it is contradicted by other substantial evidence in the record. *See Carvey v. Astrue*, 380 F. App'x 50, 52-53 (2d Cir. 2010) (summary order); *Cohen v. Comm'r of Soc. Sec.*, 643 F. App'x 51, 53 (2d Cir. 2016) (holding that an ALJ retains the discretion to reach a conclusion inconsistent with an opinion of a treating physician where that conclusion is supported by sufficient contradictory evidence) (summary order).

The ALJ properly discounted Dr. Bindiganavile's opinion because it was inconsistent with other evidence in the record. *See Freeman v. Comm'r of Soc. Sec.*, No. 17-CV-6862, 2018 WL 6605666, at *6 (W.D.N.Y. Dec. 17, 2018). Dr. Bindiganavile opined that Plaintiff was limited to sedentary work due to the impairments described above because he "could rarely lift and carry 10 pounds and never 20 to 50 pounds […] could never twist, stoop, crouch/squat, and climb ladders,

and rarely climb stairs […] could walk up to one block without rest or pain […] could stand/walk and sit less than two hours in an eight hour day […] [and] would be absent more than four days per month." Tr. 30.  However, the ALJ stated "little weight" should be assigned to the above opinion because it described Plaintiff "in a much more limiting manner than the record supports." *Id*.  In its decision, the ALJ noted that Plaintiff's physical examinations and related clinical imaging conducted after the alleged onset date showed Plaintiff possessed a range of motion and strength, with relatively normal knee movement.  Tr. 1111.  Another examination showed somewhat reduced lumbar range of motion, but otherwise normal findings, including "full power and sensation in extremities and normal gait, heel walking, and toe walking." Tr. 1181.  Such findings are inconsistent with the limited, sedentary capacity Plaintiff's treating physician assigned.

In addition to Plaintiff's clinical examinations and apparent improvement, the ALJ properly found Plaintiff's physical activities reported in treatment notes after the alleged onset date do not support the treating physician's opinion that Plaintiff is limited to sedentary work.  Plaintiff, for example, indicated in Dr. Bindiganavile's treatment notes that he walked for exercise, often with his pet dog, and was able to perform household chores, including pushing a garbage can down his driveway.  Tr. 917, 943, 1156.  In light of Plaintiff's aforementioned improvement with treatment, normal clinical findings, and physical activities, the ALJ properly determined that Dr. Bindiganavile's opinion was not consistent with the overall record and accordingly assigned it "little weight."  Tr. 30; *see Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir 1998) (It is the function of "the agency, and not [the district court], to weigh the conflicting evidence in the record.").  The Court finds that substantial evidence supports the ALJ's determination.

Plaintiff further argues that the ALJ improperly relied upon the opinion of a consultative examiner.  ECF No. 11-1.  The Court disagrees.  "Good reason" exists for affording the opinion

less than controlling weight to the extent it conflicts with other medical opinions. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("[T]he opinion of the treating physician is not afforded controlling weight where the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts."); *see also Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) (holding that ALJ was free to reject treating physician's opinion based upon the physician's own treatment notes where other medical opinion evidence supported the ALJ's conclusion) (summary order). "[I]t is well-settled that a consulting . . . examiner's opinion may be given great weight and may constitute substantial evidence to support a decision." *Colbert v. Comm'r of Soc. Sec.*, 313 F. Supp. 3d 562, 577 (S.D.N.Y. 2018). "An ALJ has discretion to weigh the opinion of a consultative examiner and attribute the appropriate weight based on his review of the entire record." *Guerra v. Comm'r of Soc. Sec.*, No. 16-CV-991, 2018 WL 3751292, at *7 (W.D.N.Y. Aug. 7, 2018). If a consultative examiner's opinion is supported by evidence in the record, an ALJ can assign it greater weight than a treating physician's opinion. *See Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (holding an ALJ may permit the opinion of non-examining sources to override treating sources' opinion if it is supported by evidence in the record).

      Here, because the consultative examiner's opinion was consistent with the record, the ALJ properly assigned the opinion greater weight than the opinion of Plaintiff's treating physician. Tr. 26. Upon review of Plaintiff's overall medical record, including the above clinical examinations, signs of improvement, and Plaintiff's reported physical activities, Dr. I. Seok opined that Plaintiff was "limited to light work," but could never "climb ladders, ropes, or scaffolds and occasionally stoop, kneel, crouch, or crawl." Tr. 26. The ALJ noted that while Plaintiff did indeed have a combination of physical impairments, "modest findings on examination, no assistive device[s]

7

used and [Plaintiff's] normal gait," supported Dr. Seok's "light work" determination. Tr. 26. In sum, the Court holds that because the consultative examiner's opinion was consistent with the overall record, the ALJ properly accorded it greater weight than the opinion of Plaintiff's treating physician. *See Gomez v. Saul*, No. 19 Civ. 9278 (PMH)(JCM), 2020 WL 8620075 (S.D.N.Y. Dec. 23, 2020) (holding that "[a]n ALJ may properly reject a treating physician's opinion when it conflicts with his own treatment notes," when the "consultative examiner's conclusions are more consistent with the underlying medical evidence.")

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 11, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 12, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 1, 2022
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court